## CHASE *v.* BROWN.

Under the second section of chap. 192 of the Revised Statutes, the Supreme Court is authorized to grant a new trial or review in any case where the party has not enjoyed that right, when it shall appear that justice has not been done, through any accident, mistake or misfortune, and that a further hearing would be just and equitable.

It is clearly the misfortune of a defendant to have judgment rendered against him in his absence, and without actual notice, for a larger sum than appears to have been justly due, and in such case a new trial will be granted.

PETITION FOR A NEW TRIAL, brought under the second section of chap. 192 of the Revised Statutes, for the purpose of reviewing an action of the petitionee against the petitioner,

wherein judgment was rendered in favor of the petitionee at the September term, 1853, of the Court of Common Pleas for this county, for $489,67 debt, and costs taxed at $8,38. The petition, which was dated Dec. 19, 1853, and filed Dec. 22, 1853, alleges the recovery of the judgment, the suing out of an execution thereon on the 9th day of December, 1853, and the satisfaction of said execution by a levy upon all the petitioner's real estate, in Seabrook, on the 16th day of December, 1853. It asserts that the petitioner had no information of the existence of the suit against him until about the 15th of November, 1853, when he was told by some of his neighbors that he had been sued by the petitionee, and that he had no knowledge of the matter until the levy of the execution on the 16th of December, 1853. It then describes the claims filed as the foundation of the judgment, denies their validity, and alleges that, upon a fair adjustment of all unsettled business transactions between them, the petitioner believes he should be found not indebted to the petitionee.

From the evidence introduced at the hearing, it appeared that the writ in the suit of the petitionee against the petitioner, wherein the judgment complained of was rendered, was sued out April 1, 1853, and placed in the hands of an officer, April 5, 1853, who, on the same day, saw the petitioner, and at his request desisted from making service at that time, upon a representation by the petitioner that the parties were about to adjust their mutual claims; that subsequently, in May, 1853, the parties did get together, talked over and reckoned up their mutual demands, or such of them as they agreed to be valid, the petitioner having a large claim, the validity of which was denied by the petitionee, and which, therefore, was not included in the computation; and finally ascertained and agreed that the amount due from the petitioner to the petitionee, without reckoning the disputed claim of the petitioner, was about two hundred and ninety-three dollars, which sum the petitionee was willing to accept in full of all claims; that no settlement was then, or at any time completed, and on the 27th day of August, 1853, the officer

served the writ by attaching the petitioner's real estate, and leaving a summons at his house in Seabrook. The evidence further showed that the petitioner left Seabrook, on a fishing voyage to Labrador, June 2, 1853, returned on the 9th of August, 1853, and again left on a voyage to the Bay of St. Lawrence, August 19, 1853, from whence he did not return until November 5, 1853.

FOWLER, J. It appears from the evidence that the petitioner was absent from the country from the time of the service of the writ until after the time appointed for the trial, and had no actual notice of the suit. Under these circumstances it might, perhaps, be doubted whether there was any legal service of the writ, but we are not called upon, in the present aspect of the case, to indicate any opinion upon that question. The evidence further shews that the judgment was rendered against the petitioner for about two hundred dollars more than the petitionee, in May, 1853, proposed to receive in full of all his claims of every kind.

Under the construction given to that section of the statute under which the present petition is filed, in *Coburn* v. *Rogers*, decided in Merrimack County during the present term, this court is authorized to grant a review in any case where the party seeking it has not already enjoyed the right of review, when it shall appear that justice has not been done through any accident, mistake or misfortune, and that a further hearing would be just and equitable. It is very clearly the misfortune of the petitioner that a judgment has been rendered against him, in his absence, and without any actual notice, and satisfied by a levy upon the whole of his real estate, for nearly two hundred dollars more than the judgment creditor is proved to have been willing to take in full of all claims against him; and there can be no doubt, we think, upon all the evidence, that a further hearing would be just and equitable.

*A new trial must, therefore, be granted, with*
*costs of the proceedings here.*